UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER M. MAGEE,
    Plaintiff,

vs.

UNION TOWNSHIP
POLICE DEPARTMENT, *et al.*,
    Defendants.

Case No. 1:21-cv-22

Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Chillicothe Correctional Institution, has filed a prisoner civil rights complaint in this Court. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th

Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

2

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff brings this action in connection with an October 23, 2018 incident, which he claims resulted in excessive force being used against him and his wrongful conviction. (*See* Doc. 1). Plaintiff claims that on the date of the incident he was driving to a hospital in Cincinnati to address mental health issues. He further claims that during the trip he experienced psychotic/delusional thoughts that his ex-girlfriend was being held captive in a bank. According to plaintiff, he entered the building to look for his ex-girlfriend but "[t]he cops lied and said I was robbing the bank." (*Id.* at PageID 38).

Plaintiff claims that he was subjected to excessive force during his arrest. Specifically, plaintiff alleges that the use of a K9 officer (dog) and a stun gun resulted in significant injuries to his face, back, arms, and legs. According to plaintiff, the arresting officers falsely testified at trial that plaintiff lunged at the officers and/or attempted to assault them.

For relief, plaintiff seeks monetary damages. He also seeks a retrial of his criminal case. (*Id.* at PageID 64).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his excessive force claims

3

against defendants Holden, Torok, Joehnk, and Disbennett in their individual capacities. However, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).[1]

As an initial matter, to the extent that plaintiff challenges his state court criminal conviction and seeks a new trial, his sole remedy is through a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[2] *See Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973).

To the extent that plaintiff seeks money damages based on his alleged wrongful conviction and imprisonment, his § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As noted above, plaintiff claims that the officers lied at trial, and he was wrongfully convicted on charges related to robbing the bank and assaulting the officers. For relief, he seeks to be reimbursed for "the 16 years I'm doing in prison due to the lies they tell to get me convicted." (Doc. 1 at PageID 64). However, a judgment in plaintiff's favor on any claim stemming from the state criminal proceedings against him would necessarily imply that his conviction and resulting imprisonment are invalid. *See id.*, 512 U.S. at 487. Because plaintiff has not alleged facts indicating that his conviction and resulting confinement have been invalidated by a federal or state court or other appropriate tribunal, he may not proceed with such a claim for damages in this § 1983 action.

The complaint must also be dismissed against the Union Township Police Department

---

[1] On February 24, 2021, the undersigned issued an order for plaintiff to show cause why his excessive force claim is not subject to dismissal on the ground that it is time-barred. (Doc. 6). In response, plaintiff filed a "motion to be excused," which claims that the delay in filing this action was due to prison lockdown and no access to a law library. (*See* Doc. 8). The Court will benefit from a response from defendants on this issue and will withhold ruling on plaintiff's motion at this juncture.

[2] Plaintiff has filed a habeas corpus petition in this Court challenging his conviction and sentence in case number 1:21-cv-123 (Barrett, J.; Litkovitz, M.J.), which is currently pending.

and K9 Officer Havok. Plaintiff has failed to state a viable claim against the police department because it is not an entity that is capable of being sued. *See Davis v. Bexley Police Dep't,* No. 2:08cv750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009) (citing *Jones v. Marcum*, 197 F. Supp. 2d 991, 997 (S.D. Ohio 2002)); *see also Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (affirming the dismissal of the sheriff's office as a party because "under Ohio law, a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983"); *Schaffner v. Pell*, No. 2:10cv374, 2010 WL 2572777, at *2 (S.D. Ohio June 21, 2010) (citing *Tysinger v. Police Dep't of City of Zanesville,* 463 F.3d 569, 572 (6th Cir. 2006)) ("A police department is not a juridical entity subject to suit under Ohio law."). As the district court explained in *Davis, supra,* 2009 WL 414269, at *2:

> Police departments are not independent government entities. They are only the vehicles through which municipalities fulfill their policing functions. *Williams v. Dayton Police Dep't,* 680 F. Supp. 1075, 1080 (S.D. Ohio 1987). Thus, police departments are not proper § 1983 defendants as they are "merely sub-units of the municipalities they serve." *Jones,* 197 F. Supp. at 1080.

Even if the Court were to liberally construe the pro se complaint as alleging claims against Union Township, plaintiff's complaint would nevertheless fail to state a claim for relief. Municipalities cannot be held vicariously liable under § 1983 based on the theory of *respondeat superior* for injuries inflicted solely by their employees or agents. *See Iqbal,* 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978); *Gregory v. Shelby Cnty., Tennessee*, 220 F.3d 433, 441 (6th Cir. 2000); *see also Davis, supra*, 2009 WL 414269, at *2 ("A plaintiff may not rely on the doctrine of *respondeat superior* to find a government entity liable under § 1983 when the claim is founded solely on an allegation that its agent caused the injury."). To state a claim for relief under § 1983 against a municipality, the plaintiff must allege

5

that his "injuries were the result of an unconstitutional policy or custom" of the municipality. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell*, 436 U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). *Cf. Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Plaintiff has not pled sufficient facts to suggest his injuries were the result of a Union Township policy or custom.[3] Therefore, the complaint should be dismissed against the Union Township Police Department.

Plaintiff has also failed to state a claim against defendant K9 Officer Havok. Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ," 42 U.S.C. § 1983. "A dog is not a 'person' for purposes of § 1983 litigation." *Hicks v. Barberton*, No. 5:11-cv-76, 2011 WL 3022089, at *3 (N.D. Ohio July 22, 2011) (dismissing action against police dog). *See also Dye v. Wargo*, 253 F.3d 296, 299-300 (7th Cir. 2001) (finding a police dog to be an improper defendant in a § 1983 action for excessive force). Accordingly, the complaint should be dismissed against defendant Havok.

Accordingly, in sum, plaintiff may proceed with his excessive force claims against

---

[3] The undersigned's opinion is not altered by plaintiff's conclusory opinion included in the relief section of the complaint that plaintiff believes officers "need more training on the effects of tasers and mental health" or his request that officers be taught that "only the K9 trainer should be around a vicious dog that is in attack mode." (*Id.* at PageID 64).

6

defendants Holden, Torok, Joehnk, and Disbennett in their individual capacities. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). However, plaintiff has failed to provide service copies of the complaint, summons and U.S. Marshal forms for service. It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit service copies and a completed summons and U.S. Marshal forms for service on defendants Holden, Torok, Joehnk, and Disbennett. Once the Court receives the requested service copies, summons and United States Marshal forms, the Court will order service of process by the United States Marshal.

Having found that the remaining allegations in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's excessive force claims against defendants Holden, Torok, Joehnk, and Disbennett.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff, **within thirty (30) days** of the date of this Order, submit a service copy of the complaint and completed summons and U.S. Marshal forms for service on defendants Holden, Torok, Joehnk, and Disbennett. Once the Court receives the requested summons and United States Marshal forms, the Court will order service of process by the United States Marshal.

Date: 3/18/2021

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER M. MAGEE,
    Plaintiff,

vs.

UNION TOWNSHIP
POLICE DEPARTMENT, *et al.*,
    Defendants.

Case No. 1:21-cv-22

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).