# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER M. MAGEE,<br>    Plaintiff, | Case No. 1:21-cv-22<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| UNION TOWNSHIP<br>POLICE DEPARTMENT, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate at the Chillicothe Correctional Institution, initiated this civil rights action in January 2021 pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff brings claims arising out of an incident that occurred on October 23, 2018, which plaintiff alleges resulted in excessive force being used against him and his wrongful conviction. (*Id.*).

On March 18, 2021, the undersigned conducted a *sua sponte* review of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and dismissed plaintiff's complaint with prejudice, with the exception of his excessive force claims against defendant Union Township Police Officers Holden, Torok, Joehnk, and Disbennett in their individual capacities. (Doc. 10). The District Judge adopted the undersigned's Report and Recommendation on August 31, 2021. (Doc. 21).

On July 29, 2021, defendants filed a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 16).[1] The Court sent plaintiff a notice on July 30, 2021 advising plaintiff that his failure to file a response to the motion within 21 days of the date of service may warrant dismissal of his case under Fed. R. Civ. P. 41(b) for failure to prosecute. (Doc. 17).

---

[1] The Court notes that counsel for defendants included Union Township Police Department and K9 Officer Havok as defendants in its motion to dismiss (Doc. 16) despite their previous dismissal (Doc. 10; *see also* Doc. 21).

On September 1, 2021, the Court issued an Order to plaintiff to show cause, in writing and within fifteen days of the date of its Order, why the Court should not dismiss this case for lack of prosecution. (Doc. 22). The Order notified plaintiff that failure to comply with the terms of the Order could result in a recommendation to the District Judge that this action be dismissed. (*Id*.).

On September 12, 2021, plaintiff responded in writing and requested a thirty-day extension of time to respond to the Court's Order. (Doc. 23). Plaintiff stated that the Chillicothe Correctional Institution is on partial lockdown because the spread of the COVID 19 delta variant. (*Id*.). Plaintiff stated that it is "harder for [plaintiff] to obtain the information needed to show cause" because there is "limited movement" due to the institutional lockdown. (*Id*.).

On September 16, 2021, the Court granted plaintiff a thirty-day extension of time within which to file a response to the Court's September 1, 2021 Order. (Doc. 24). To date, more than thirty days later, plaintiff has not responded to the Court's Order.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __, 137 S.Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to respond to the Order to Show Cause (Doc. 22) warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint against defendant Union Township Police Officers Holden, Torok, Joehnk, and Disbennett be **DISMISSED** with prejudice for want of prosecution pursuant to Fed.

2

R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: __10/29/2021__

_Karen L. Litkovitz_
Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER M. MAGEE,           Case No. 1:21-cv-22
    Plaintiff,                               Black, J.
                                         Litkovitz, M.J.
    vs.

UNION TOWNSHIP
POLICE DEPARTMENT, et al.,
    Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).