UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MAGEE, | : | Case No. 1:21-cv-22 |
| Plaintiff, | : | |
| | : | District Judge Timothy S. Black |
| vs. | : | |
| | : | Magistrate Judge Karen L. Litkovitz |
| UNION TOWNSHIP POLICE | : | |
| DEPARTMENT, *et al.*, | : | |
| | : | |
| Defendants. | : | |

ORDER ADOPTING THE
REPORT AND RECOMMENDATION
AND DISMISSING THIS CASE WITH PREJUDICE

This civil case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge submitted a Report and Recommendation on November 1, 2021, recommending that Plaintiff's complaint be dismissed with prejudice for want of prosecution. (Doc. 25). Plaintiff did not file objections to the Report and Recommendation, and the time for doing so has expired. However, on January 24, 2022, Plaintiff filed a motion for reconsideration (Doc. 26), to which Defendants filed a response in opposition (Doc. 27). For the reasons set forth below, the Court finds Plaintiff's motion for reconsideration is not well-taken, and the Court further finds that dismissal is warranted.

On January 11, 2021, Plaintiff Christopher Magee—an inmate at the Chillicothe Correctional Institution ("CCI")—filed this civil action pursuant to 42 U.S.C. § 1983. (Doc. 1). Specifically, Plaintiff asserted claims of excessive force and wrongful

conviction, arising from his October 23, 2018 arrest. (*Id.*)[1] On March 5, 2021, Plaintiff also filed a motion seeking relief from the two-year statute of limitations on § 1983 claims, stating that he was previously unable to file because he was incarcerated, had no access to a law library due to lockdowns, and because he is indigent and could not afford to retain counsel. (Doc. 8).

On March 18, 2021, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff's claims be dismissed with prejudice for failure to state a cognizable claim, except for Plaintiff's excessive force claims against the defendant officers in their individual capacities. (Doc. 10). Plaintiff did not object to the recommendation and, on August 31, 2021, this Court issued an Order adopting the Report and Recommendation. (Doc. 21).

After the issuance of the Report and Recommendation, Defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 16). The Court then sent notice to Plaintiff, advising him of his deadline to respond to the motion to dismiss and that failure to respond timely could result in the dismissal of his case. (Doc. 17). Nevertheless, Plaintiff failed to respond to the motion to dismiss and, indeed, has not filed a response to date.

---

[1] Following his arrest, Plaintiff was charged in the Clermont County Court of Common Pleas, Case No. 2018-CR-1019, which case proceeded to a jury trial in August 2019 and resulted in his conviction on charges of aggravated robbery, felonious assault, assaulting a police dog, resisting arrest, attempted safecracking, and breaking and entering. (Doc. 16-1). In September 2020, the Ohio Court of Appeals for the Twelfth District in Clermont County affirmed the convictions. (*Id.*) In December 2020, the Supreme Court of Ohio declined to accept jurisdiction of the appeal. (Doc. 16-4).

2

On September 1, 2021, the Magistrate Judge issued an Order to Show Cause ("OSC"), directing Plaintiff to show cause within 15-days as to why his case should not be dismissed for want of prosecution. (Doc. 22). On September 15, 2021, Plaintiff filed a motion seeking a 30-day extension of time to respond to the OSC, stating that CCI has been on partial lockdown due to a surge in COVID-19 cases. (Doc. 23). The Magistrate Judge granted Plaintiff's motion the following day. (Doc. 24).

Despite having received his requested extension, Plaintiff did not respond to the OSC, nor to the motion to dismiss. Accordingly, on November 1, 2021, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff's case be dismissed for want of prosecution. (Doc. 25). Plaintiff was also advised of his right to object to the Report and Recommendation, as well as the relevant deadline for any such objections. (*Id.*) Again, Plaintiff filed nothing in response, and the deadline for doing so passed.

However, on January 24, 2022, Plaintiff filed a motion for reconsideration, stating that CCI was "on complete lockdown for over a year ending in March 2021, with temporary lockdowns due to outbreaks of coronavirus since then with almost no access to [the] law library." (Doc. 26). Plaintiff also attached a single page from his Complaint, stating that he has "attached here [his] initial want for prosecution." (*Id.*) Plaintiff then asks the Court to "please reconsider [his] case." (*Id.*)[2] The Court finds that Plaintiff's

---

[2] Plaintiff also asks the Court to consider the fact that civil case cost him $350 for the filing fee. However, the Court notes that Plaintiff was granted leave to proceed *in forma pauperis* and was therefore never assessed the full $350 filing fee.

3

motion for reconsideration, which the Court construes as an untimely response to the OSC and objection to the Report and Recommendation, is not well-taken.

The Court may, in its discretion, dismiss a case "[i]f the plaintiff fails to prosecute or to comply with [the federal] rules or a court order…." Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962).

Here, Plaintiff has continuously failed to abide by the deadlines and Orders issued by the Magistrate Judge in this case. And Plaintiff has still not responded <u>nor even acknowledged or expressed any intent</u> to respond to the pending motion to dismiss. While this Court understands that the state prisons have been subject to lockdowns during the pandemic, Plaintiff's assertions regarding the length, frequency, and limitations imposed by such lockdowns are demonstrably overstated. Indeed, Plaintiff's motion for reconsideration states that CCI was on "complete lockdown for over a year ending in March 2021," yet his Complaint was filed in January 2021. Plaintiff further states that, after March 2021, CCI was subject to <u>intermittent</u>, <u>temporary</u> lockdowns, and Plaintiff would have this Court believe that these lockdowns each happened to coincide with all of Plaintiff's substantive deadlines. Even assuming that Plaintiff was not able to prepare a thorough response to the motion to dismiss during the alleged lockdowns, Plaintiff fails to explain why he could not have simply sought an extension of time. In short, Plaintiff filed his Complaint during the alleged lockdowns, sought and received leave to proceed *in forma pauperis* during the alleged lockdowns, moved for and was granted an extension

4

of time to respond to the OSC during the alleged lockdowns—it would appear the only thing that the alleged lockdowns have interfered with is Plaintiff's ability to substantively explain why his case should not be dismissed.

Accordingly, while Plaintiff has been in contact with this Court, he has nevertheless failed to show any inclination to actually prosecute this civil case. Accordingly, the Court finds that dismissal for want of prosecution is warranted.

The Court would further note that Plaintiff's claims are time-barred. In Ohio, an action under 42 U.S.C. § 1983 must be brought within two years, and the clock begins to run when the plaintiff becomes aware of his injuries. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001) (collecting cases). And for an excessive force claim in particular, the clock on the statute of limitations begins to run after the incident giving rise to the injuries, *i.e.*, the date of Plaintiff's arrest. *Hodge v. City of Elyria*, 126 F. App'x 222, 226 (6th Cir. 2005). Here, Plaintiff was unquestionably arrested and sustained his injuries on October 23, 2018. (*Id.*) Thus, the two-year statute of limitation expired in October 2020—nearly three months *before* Plaintiff filed this civil case.

Moreover, the Court finds no merit in Plaintiff motion to excuse the untimeliness of his filing. (Doc. 8). Neither Plaintiff's incarceration nor his indigence constitute sufficient grounds to toll the statute of limitations. *Vargas v. Jago*, 636 F. Supp. 425, 429 (S.D. Ohio 1986); *Spurlock v. Univ. of Toledo*, 86 F. Supp. 3d 744, 747 (N.D. Ohio 2015) (collecting cases). Indeed, Plaintiff was permitted in this case to proceed *in forma pauperis*. Additionally, the majority of Plaintiff's two-year clock ran from October 2018

to March 2020, during which time there was no pandemic and Plaintiff was actually represented by counsel (albeit criminal trial and appellate counsel). And despite the fact that Plaintiff states CCI was on "complete lockdown" until March 2021 (Doc. 26), he was nevertheless able to file his Complaint in January 2021 (Doc. 1), *i.e.*, at least two months *before* the alleged "complete lockdown" was lifted. In other words, by Plaintiff's own admission, he was able to file his Complaint, even in the midst of a "complete lockdown." Therefore, he should have done so three months earlier, before the statute of limitations expired. Accordingly, Plaintiff's motion to excuse the untimeliness of his civil case (Doc. 8) is without merit, and Plaintiff's claims are time-barred. As a result, even if this case were not dismissed for want of prosecution, dismissal is nonetheless warranted and granted.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court determines that the Report and Recommendation (Doc. 25) should be, and is hereby, adopted in its entirety.

    Accordingly:

1.     Plaintiff's motion to excuse (Doc. 8) is **DENIED**;

2.     The Report and Recommendation (Doc. 25) is **ADOPTED**;

3.     Plaintiff's motion for reconsideration (Doc. 26) is **DENIED**;

4.     The remaining claims in Plaintiff's complaint (Doc. 1) are hereby **DISMISSED with prejudice** for want of prosecution;

5. In the alternative, Defendants' motion to dismiss (Doc. 16) is **GRANTED**, as Plaintiff's claims are time-barred;

6. The Clerk shall enter judgment accordingly, whereupon this case shall be **TERMINATED** on the docket of this Court; and

7. Pursuant to 28 U.S.C. § 1915(a), the Court certifies that an appeal of this Order would not be taken in good faith and, therefore, this Court **DENIES** Petitioner leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

Date: 3/21/2022                      *s/ Timothy S. Black*
Timothy S. Black
United States District Judge